UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONNY GRAHAM, ) | 1:08-CV-00881 SMS HC |
| ) | |
| Petitioner, ) | ORDER GRANTING PETITIONER'S |
| ) | MOTION FOR RECONSIDERATION |
| v. ) | [Doc. #12] |
| ) | |
| D. DEXTER, Warden, ) | ORDER VACATING ORDER DISMISSING |
| ) | PETITION |
| Respondent. ) | [Doc. #11] |
| ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 3, 2008, the undersigned issued an order directing Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies. Petitioner filed a response to the order to show cause on August 18, 2008. On August 26, 2008, the Court reviewed Petitioner's response and concluded that he had failed to exhaust his state remedies with respect to his claim of ineffective assistance of trial counsel. As a result, the petition was dismissed and Petitioner was granted leave to withdraw the unexhausted claim in lieu of suffering dismissal of the action.

On September 26, 2008, Petitioner filed a motion for reconsideration of the order dismissing the petition.  Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,
the court may relieve a party or a party's legal representative from a final judgment,

order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner states the Court came to an incorrect determination because he erroneously provided the Court with an incomplete copy of his habeas petition to the California Supreme Court. He states the complete copy, which he attaches to his motion, shows he has exhausted the claim of ineffective assistance of trial counsel. The Court has reviewed the attached petition and finds Petitioner has in fact exhausted the claim. Therefore, the Court finds good cause to grant the motion for reconsideration.

Accordingly, Petitioner's motion for reconsideration is GRANTED, and the Order of August 26, 2008, which had dismissed the petition is hereby VACATED.

IT IS SO ORDERED.

**Dated:   October 6, 2008**                  /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE