UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNNY GRAHAM, | ) | 1:08-CV-00881 SMS HC |
|     Petitioner, | ) | |
| | ) | ORDER DENYING PETITIONER'S MOTIONS |
| v. | ) | |
| D. DEXTER, et al., | ) | [Doc. #24, 25] |
|     Respondents. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

On February 9, 2009, Petitioner filed a motion for appointment of a pathologist and an investigator. Petitioner states these individuals would assist in providing evidence to support his claims.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 903-05 (1997). Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." See also Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir.1999) ("[D]iscovery is available

only in the discretion of the court and for good cause shown"). Further, Rule 6(b) states that the party requesting discovery "must provide reasons for the request" and *inter alia*, "must specify any requested documents."

Petitioner's requests will be denied because he failed to develop the evidence in state court despite being given the opportunity to do so. He presented his claims of ineffective assistance of counsel in the superior court where it was rejected. See Lodged Doc. No. 7[1]. He then renewed the claims to the California Court of Appeal. See Lodged Doc. No. 8. The appellate court denied the petition without prejudice, allowing Petitioner to "fil[e] a new petition for writ of habeas corpus in superior court with any documentation supporting his claims, including but not limited to, declarations of witnesses he states would have testified if asked to do so by former trial counsel. . . ." See Lodged Doc. No. 9. Petitioner renewed his petition in the superior court, but he failed "to supply any further documents permitting the trial court to examine the grounds he alleges. . . ." See Lodged Doc. No. 11. Petitioner failed to develop the factual basis of his claims in state court, and he was at fault for this failure. Discovery is barred unless he can meet the exceptions set forth in 28 U.S.C. § 2254(e)(2). He does not.

Accordingly, IT IS HEREBY ORDERED that Petitioner's requests for the appointment of a pathologist and an investigator are DENIED.

IT IS SO ORDERED.

**Dated:   March 18, 2009**              **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE

---

[1]"Lodged Doc." refers to those documents lodged by Respondent with his answer.