UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHNNY GRAHAM, | ) | 1:08-CV-00881 SMS HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| v. | ) | MOTION FOR RECONSIDERATION |
| | ) | |
| D. DEXTER, et al., | ) | [Doc. #28] |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

On February 9, 2009, Petitioner filed a motion for appointment of a pathologist and an investigator. Petitioner alleges they would assist him in providing evidence to support his claims. On March 19, 2009, the undersigned denied Petitioner's motion finding Petitioner had failed to develop the factual basis of his claims in state court despite having been given several opportunities to do so. See 28 U.S.C. § 2254(e)(2).

On April 10, 2009, Petitioner submitted the instant motion for reconsideration. Petitioner contends he was not at fault for his failure to develop the facts in state court.

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner fails to meet this standard. Petitioner does not set forth any arguments or evidence that have not already been considered by this Court. Contrary to Petitioner's assertions, he was at fault in failing to adequately develop the factual basis of his claims in state court. Petitioner failed to provide any facts which would have made out a prima facie case of ineffective assistance of counsel. He failed to provide any affidavits from alibi witnesses, and he failed to make specific factual allegations as to who the witnesses were and what their testimony would have been. The state courts notified Petitioner of these deficiencies and provided him with opportunities to come forth with sufficient factual allegations and evidence, but he failed to do so. Petitioner's arguments present no basis for relief.

Accordingly, Petitioner's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   May 1, 2009**            /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE